UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BETTY JO WILLIAMS | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAUSE NO. 5:18-CV-1132 |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | |

---

**DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

---

Defendant Allstate Fire and Casualty Insurance Company hereby removes this lawsuit which is currently pending in the County Court at Law #2, Bexar County, Texas, Cause No. 2018-CV-06250, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

BACKGROUND

1.      On October 8, 2018, Plaintiff her Original Petition styled *Betty Jo Williams v. Allstate Fire and Casualty Insurance Company,* in County Court at Law #2, Bexar County, Texas, Cause No. 2018-CV-06250, in which Plaintiff alleges contractual and extra-contractual causes of action based on a claim for underinsured motorist benefits.  *See* **Exhibit A**.

2.      Plaintiff served Defendant Allstate with Plaintiff's Original Petition and process on October 15, 2018, by certified mail on its registered agent. *See* **Exhibit B**.

3.      Plaintiffs asserts causes of action for breach of contract and warranty, violations of the Deceptive Trade Practices Act, violations of the Texas Insurance Code, breach of common law duty of good faith, and various statutory forms of fraud or misrepresentation. *See Plaintiff's*

*Original Petition,* Exhibit A. Plaintiff affirmatively pleads for damages "between $100,000 and $200,000." *Id.,* p. 13.

    4.      Plaintiff has demanded a jury trial. *Id.*, p. 14.

    5.      Defendant has not answered the suit in state court.

**GROUNDS FOR REMOVAL**

    6.      This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

**A.  Parties are Diverse**

    7.      Plaintiff is a natural person who affirmatively alleges that she resides in Bexar County, Texas. *See Plaintiff's Original Petition,* Exhibit A, p. 1 ("Plaintiff is an individual residing in San Antonio, Bexar County, TX."). Plaintiff has not pled any other facts of her residency, intention to leave Texas, or domiciles in other States. *Id.* Accordingly, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

    8.      Defendant Allstate Fire and Casualty Insurance Company, is an Illinois corporation with its principle place of business in Illinois and is a citizen of Illinois.

**B.  Amount in Controversy**

    9.      The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either

(1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

10.     Here, it is facially apparent from Plaintiff's petition that the claim exceeds $75,000.00. Specifically, under "Damages", Plaintiff's petition states:

> By reason of the above and foregoing, Plaintiff has been damaged in a sum within the jurisdictional limits of this Court, in an amount between $100,000.00 and $200,000.00

*Plaintiff's Original Petition*, Exhibit A, p. 13.

11.     Based on the foregoing, the amount in controversy exceeds $75,000.00.

REMOVAL IS PROCEDURALLY PROPER

12.     This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

13.     Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

14.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as Exhibit A.

15.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of Bexar County District Court.

**PRAYER FOR RELIEF**

16.     Defendant Allstate Fire and Casualty Insurance Company prays that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

 /s/  Joseph E. Cuellar
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Joseph E. Cuellar**
State Bar No. 24082879
jcuellar@valdeztrevino.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 29th day of October 2018, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF system and via email:

Thomas C. Hall
Law Office of Thomas C. Hall
110 Broadway, Suite 550
San Antonio, Texas 78205
**hall@tomhall-lawyer.com**
**rachelle@tomhall-lawyer.com**
*Counsel for Plaintiff*

*/s/* Joseph E. Cuellar
**Joseph E. Cuellar**